THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAGNOLIA BELLE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:26-cv-00749 |
| GENERAL STAR INDEMNITY | § | |
| COMPANY AND AMWINS ACCESS | § | |
| INS SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT GENERAL STAR INDEMNITY COMPANY'S
### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant General Star Indemnity Company ("Defendant" or "General Star") hereby removes the action styled and numbered *Magnolia Belle, LLC v. General Star Indemnity Company and Amwins Access Ins Services, LLC*, Cause No. 2025V-0230, pending in the 155th Judicial District Court of Austin County, Texas to the United States District Court for the Western District of Texas, Austin Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.
### THE STATE COURT ACTION

On December 1, 2025, Magnolia Belle, LLC ("Plaintiff" or "Magnolia Belle") commenced this lawsuit, filing its Original Petition in the 155th Judicial District Court of Austin County, Texas in a case styled *Magnolia Belle, LLC v. General Star Indemnity Company and Amwins Access Ins Services, LLC*, Cause No. 2025V-0230 (the "Lawsuit").

The Lawsuit arises out of Plaintiff's claim for coverage under a property insurance policy issued by General Star for physical loss or damage allegedly sustained as a result of a hailstorm occurring March 15, 2024 (the "Claim").[1]

## II.
## NOTICE OF REMOVAL IS TIMELY

General Star accepted service of Plaintiff's Original Petition on January 14, 2026. Accordingly, General Star files this Notice of Removal within the 30-day time frame required by 28 U.S.C. § 1446(b).

## III.
## VENUE IS PROPER

Venue is proper in the United States District Court for the Western District of Texas, Austin Division under 28 U.S.C. §§ 124(a)(2) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

## IV.
## BASIS FOR REMOVAL JURISDICTION

Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendants General Star and Amwins Access Ins Services, LLC, and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

---

[1] *See* Plaintiff's Original Petition, attached as **Exhibit D-1.**

A. **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendants General Star and Amwins Access Ins Service, LLC (collectively "Defendants").**

Plaintiff Magnolia Belle, LLC is a Limited Liability Company ("LLC") organized under the laws of the State of Texas.[2] The citizenship of a LLC is determined by the citizenship of all of its members.[3] To establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC.[4] Magnolia Belle, LLC is a Texas Limited Liability Company with two members – Christa Means and Edward Sedacca.[5] An individual who is domiciled in a state is a citizen of that state for purposes of diversity jurisdiction.[6] Christa Means is, and was at the time this action was filed, an individual who is domiciled and resides in the State of Texas and, therefore, is a citizen of Texas for diversity purposes. Further, Edward Sedacca is, and was at the time this action was filed, an individual who is domiciled and resides in the State of Texas and, therefore, is a citizen of Texas for diversity purposes. Because its sole members are domiciled in the State of Texas, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

General Star is a foreign insurance company incorporated in the State of Delaware, with its principal place of business in Connecticut. Thus, General Star is a citizen of Delaware and Connecticut for purposes of diversity jurisdiction.

Amwins Access Insurance Services, LLC ("Amwins") is a Limited Liability Company organized under the laws of the State of North Carolina. Amwins is comprised of three members: Michael S. Decarlo, Scott M. Purviance, and Amwins Holdings, LLC. Michael S. Decarlo is, and

---

[2] *See* Magnolia Belle's Certificate of Formation, attached as **Exhibit F.**

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

[4] *MidCap Media Fin. LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

[5] *See* Magnolia Belle's Texas Franchise Tax Public Information Report, attached as **Exhibit G**.

[6] *See Coury v. Prot,* 85 F.3d 244, 249 (5th Cir. 1996).

was at the time this lawsuit was filed, an individual who is domiciled and resides in the State of North Carolina and, therefore, is a citizen of North Carolina for diversity jurisdiction purposes. Scott M. Purviance is, and was at the time this lawsuit was filed, an individual who is domiciled and resides in the State of North Carolina and, therefore, is a citizen of North Carolina for diversity jurisdiction purposes. Amwins Holdings, LLC is a Limited Liability Company organized under the laws of the State of North Carolina. Amwins Holdings, LLC is comprised of two members: Michael S. Decarlo and Scott M. Purviance. As stated above, Michael S. Decarlo and Scott M. Decarlo are, and were at the time this lawsuit was filed, individuals who are domiciled and reside in the State of North Carolina and, therefore, are citizens of North Carolina for diversity jurisdiction purposes. Accordingly, Amwins is a citizen of North Carolina for purposes of diversity jurisdiction.

Based on the foregoing, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendants.

Pursuant to 28 U.S.C § 1446, Amwins has consented to removal of this action.[7]

**B.     Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

Under § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." "To determine whether the amount in controversy is satisfied, the Court must look to the complaint at the time it was filed. . . .An allegation in the complaint of the requisite amount will normally suffice to confer

---

[7]  *See* Amwins' Unsworn Declaration, attached as **Exhibit H.**

jurisdiction upon the court if the claim is made in good faith . . . ."[8] To that end, if it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, Defendant's burden is satisfied.[9]

Here, Plaintiff's Original Petition states that it seeks monetary relief of $250,000 and less than $1,000,000.[10] It is therefore facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## V.
## COMPLIANCE WITH 28 U.S.C. § 1446 AND LOCAL RULE 81

Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees), removal of this action is proper under 28 U.S.C. § 1332(a).

Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of 155th District Court of Austin County, Texas.

All pleadings, order, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

In compliance with Local Rule 81, the following documents are attached:

A.   An index of matters being files, attached as Exhibit A;

B.   State Court Docket Sheet, attached as Exhibit B;

C.   All executed process in this case, attached as Exhibit C-1 through C-2;

---

[8]   *Gutierrez v. Nissan N. Am., Inc.*, No.: A–15–CA–01250–SS, 2016 WL 8258790, *2 (W.D. Tex. Apr. 12, 2016) (citations and internal quotation marks omitted).

[9]   *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[10]  *See* Plaintiff's Original Petition, attached as **Exhibit D-1**, at ¶ 4.

D.  All pleadings asserting cause of action and answers to such pleadings, attached as Exhibit D-1 through D-3; and

E.  List of all counsel of record, including addresses, telephone numbers and parties represented, attached as Exhibit E.

Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

## VII.
## CONCLUSION

WHEREFORE, General Star Indemnity Company requests that this action be removed from the 155th Judicial District Court of Austin County, Texas, to the United States District Court for the Western District of Texas, Austin Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Shannon M. O'Malley*
    Shannon M. O'Malley
    Texas Bar No. 24037200
    somalley@zellelaw.com
    Isabella R. Arciba
    State Bar No. 24137538
    barciba@zellelaw.com

901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:   214-742-3000
Facsimile:   214-760-8994

**ATTORNEYS FOR DEFENDANT GENERAL STAR INDEMNITY COMPANY**

## CERTIFICATE OF SERVICE

    This is to certify that on January 30, 2026, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

| | |
|---|---|
| Joe Gibson<br>SBN: 24007236<br>joe@jgibson-law.com<br>Jeff L. Larson<br>SBN: 24007533<br>jeff.larson@jgibson-law.com<br>**GIBSON LEGAL GROUP, PLLC**<br>803 Sienna Palm Ln<br>Houston, Texas 77008<br>Phone: (832) 878-3140<br>E-Serve Only: e-serve@jgibson-law.com<br><br>**ATTORNEYS FOR PLAINTIFF MAGNOLIA BELLE, LLC** | Valerie Henderson<br>Texas Bar No. 24078655<br>vhenderson@bakernelson.com<br>Judson K. Mahan<br>Texas Bar No. 24109100<br>jmahan@bakerdonelson.com<br>**BAKER DONELSON**<br>1301 Mckinney Street Suite 3700<br>Houston, Texas 77010<br>Telephone:     713-650-9700<br>Facsimile:     713-650-9701<br><br>**ATTORNEYS FOR DEFENDANT AMWINS ACCESS INS SERVICES, LLC** |

                                                */s/ Shannon M. O'Malley*
                                                Shannon M. O'Malley