# EXHIBIT D-1

2025V-0230

CAUSE NO. _____

| | | |
|---|---|---|
| **MAGNOLIA BELLE, LLC,** | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | AUSTIN COUNTY, TEXAS |
| | § | |
| **GENERAL STAR INDEMNITY** | § | 155TH |
| **COMPANY AND AMWINS ACCESS** | § | \_\_\_\_ JUDICIAL DISTRICT |
| **INS SERVICES, LLC,** | | |
|     Defendant. | | |

## PLAINTIFF'S ORIGINAL PETITION AND MOTION FOR MANDATORY MEDIATION

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

COMES NOW, MAGNOLIA BELLE, LLC (herein "Plaintiff"), and files this Plaintiff's Original Petition complaining of Defendant GENERAL STAR INDEMNITY COMPANY (GSI) and AMWINS ACCESS INS SERVICES, LLC (AAIS), (herein "Defendants"), and for cause of action shows the Court the following:

### I.  DISCOVERY CONTROL PLAN

1. Discovery in this case is intended to be governed by Discovery Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.  PARTIES

2. Plaintiff, MAGNOLIA BELLE, LLC, is a limited liability company doing business in Austin County, Texas.

3. Defendant General Star Indemnity Company (GSI) is an insurance company, having its principal place of business in CT.  GSI, at all times material to this action, has engages in the business of insurance in Texas, as more particularly described below.  GSI may be served with citation by

serving the Texas Commissioner of Insurance at Texas Department of Insurance, Chief Clerk Office, Mail code GC-CCO, PO Box 12030, Austin, Texas 78711-2030.

Defendant AmWINS Access Ins Services, LLC (AAIS) is a domestic or foreign corporation, partnership or other legal entity engaged in the business of insurance and doing business in the state of Texas. This defendant can be served by served its registered agent, CT Corporation System, 1999 Bryan St, Ste 900, Dallas, Texas 75201.

### III. CLAIM FOR RELIEF

4. Plaintiff affirmatively pleads that Plaintiff seeks only monetary relief aggregating $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

### IV. MOTION TO COMPEL MANDATORY MEDIATION

5. Plaintiff moves the Court to compel mediation as mandated by §541.161 of the Texas Insurance Code. Plaintiff filed this motion within 90 days of service of Plaintiff's Original Petition as required by statute. TEXAS INSURANCE CODE §541.161 (a). Per statute, the Court shall, not later than the 30th day after the date this motion is filed, sign an order setting the time and place of the mediation to be held within 30 days of the signing of the order. TEXAS INSURANCE CODE §541.161 (b) and (d).

### V. JURISDICTION

6. This Court has subject matter jurisdiction over this action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

### VI. VENUE

7. Venue is proper in Austin County, Texas, because all or a substantial part of the events or omissions giving rise to this claim occurred in said County. TEX.CIV.PRAC. & REM. CODE §15.002(a)(1).

## VII. FACTS

8. Plaintiff is a named insured under a property insurance policy issued by Defendant.

9. Plaintiff owns the insured property located at 318 S. Masonic St., Bellville, Austin County, Texas 77418.

10. On or about March 15, 2024, during the policy period, Plaintiff's property suffered serious damage as a result of a covered loss under The Policy.

11. Subsequently, Plaintiff made a claim and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy.

12. Defendant improperly denied and/or underpaid the claim.

13. The adjuster assigned to this claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the relevant damages, and undervalued the damages.

14. Plaintiff presented Defendant with all the repairs and costs necessary to put Plaintiff's property back into a pre-loss condition. However, Defendant breached the policy when Defendant communicated to Plaintiff that Defendant would not indemnify those costs.

15. Defendant's communication failed to provide a reasonable explanation for why it did not owe Plaintiff the full costs incurred.

16. Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property and deprived Plaintiff of the benefits owed under the policy.

## VIII. CAUSES OF ACTION

17. Each of the foregoing paragraphs is incorporated by reference in the following:

### A. Breach of Contract

18.     Defendant had a contract of insurance with Plaintiff. Defendant breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

### B.     Prompt Payment of Claims Statute

19.     The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of § 542.051 *et seq.* of the Texas Insurance Code.

20.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as provided in § 542.060 of the Texas Insurance Code.

### C.     Texas Insurance Code Violations: Unfair Claim Settlement Practices

21.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

22.     Defendant violated § 541.051 of the Texas Insurance Code by:

    (1)     making statements misrepresenting the terms and/or benefits of the policy.

23.     Defendant violated § 541.060 by:

    (1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

  (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

24. Defendant violated § 541.061 by:

  (1) making an untrue statement of material fact;

  (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

  (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

  (4) making a material misstatement of law; and

  (5) failing to disclose a matter required by law to be disclosed.

25. Defendant violated § 541.003 by:

  (1) Compelling Plaintiff to initiate a lawsuit to recover amounts due under its policy, including penalties, interest and increased attorney's fees, by offering substantially less than the amount due.

26. Defendant's violations of Chapter 541 and 542 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

27. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance code § 541.152(a)-(b).

### D. Breach of Good Faith and Fair Dealing

28. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insured in insurance contracts.

29. Defendant's failure, as described above, to adequately and reasonably investigate and

evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of good faith and fair dealing.

### E. Attorney's Fees

30. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

31. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

32. Plaintiff further prays that he be awarded all reasonable attorney's fees incurred in prosecuting Plaintiff's causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

### IX. CONDITIONS PRECEDENT

33. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

### X. KNOWLEDGE

34. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

### XI. DAMAGES

35. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

36. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain,

which is the amount of Plaintiff's claim, together with attorney fees.

37. For noncompliance with the Prompt Payment of Claims Statute, Plaintiff is entitled to the amount of Plaintiff's claim as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees. Alternatively, if Chapter 542A applies, the interest is calculated by adding five (5) percent to the interest rate determined under Section 304.003 of the Texas Finance Code, together with attorney's fees.

38. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits that should have been paid pursuant to the Policy, court costs, and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asked for three times Plaintiff's actual damages.

39. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount of interest owed, and exemplary damages

40. For the prosecution and collection of these claims, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Plaintiff's behalf expended, for pre-judgment and post judgment interest as allowed by law. In addition, Plaintiff requests the Court enter an order requiring mediation in accordance with TEXAS INSURANCE CODE §541.161, and for any other and further relief, either at law or in equity, to which Plaintiff is shown to be justly entitled.

Respectfully submitted,

**GIBSON LEGAL GROUP, PLLC**
Joe Gibson
SBN: 24007236
Jeff L. Larson
SBN: 24007533
803 Sienna Palm Ln
Houston, Texas 77008
Phone: (832) 878-3140
Email: joe@jgibson-law.com
Email: jeff.larson@jgibson-law.com
E-Serve Only: e-serve@jgibson-law.com

By: _____
    Joe Gibson

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Imelda Martinez on behalf of Joe Gibson
Bar No. 24007236
e-serve@jgibson-law.com
Envelope ID: 108580220
Filing Code Description: Petition (Original)
Filing Description: Plaintiff's Original Petition and Motion for Mandatory Mediation
Status as of 12/1/2025 4:51 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe Gibson | | joe@jgibson-law.com | 12/1/2025 4:44:38 PM | SENT |
| Imelda Martinez | | e-serve@jgibson-law.com | 12/1/2025 4:44:38 PM | SENT |