# EXHIBIT D-3

CAUSE NO. 2025V-0230

| | | |
|---|---|---|
| MAGNOLIA BELLE, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | AUSTIN COUNTY, TEXAS |
| | § | |
| GENERAL STAR INDEMNITY | § | |
| COMPANY AND AMWINS ACCESS INS | § | |
| SERVICES, LLC, | § | |
| | § | 155TH JUDICIAL DISTRICT |
| *Defendants.* | | |

## DEFENDANT GENERAL STAR INDEMNITY COMPANY'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendant General Star Indemnity Company ("General Star" or "Defendant"), files this Original Answer and Defenses to Plaintiff's Original Petition and Motion for Mandatory Mediation, and would respectfully show the Court as follows:

## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition and demand that Plaintiff prove every fact in support of its claims for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code by a preponderance of the evidence. By this general denial, Defendant further demands that Plaintiff prove every fact in support of its exemplary damages claim(s) by clear and convincing evidence.

## DENIAL OF CONDITIONS PRECEDENT

Defendant specifically denies that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit in the following particulars.

*Loss Above the Deductible*

1. Defendant's obligation to pay under policy number IMA429479A, issued to Plaintiff with effective dates of coverage from December 8, 2024 to December 8, 2025 and made the basis of this suit (the "Policy"), extends, if at all, only to covered loss to covered property that exceeds the applicable 2% Windstorm and Hail deductible. If there is an obligation to pay, it applied only to the amount of covered loss, if any, that exceeds the 2% Windstorm and Hail deductible.

*Loss Settlement and Valuation*

2. Defendant's obligation to pay under the Policy extends, if at all, only to the extent provided by the Policy's applicable loss settlement and claim valuation provisions.

**AFFIRMATIVE AND OTHER DEFENSES**

3. Pursuant to Rule 94 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants set forth the following Defenses to the allegations in Plaintiff's Original Petition:

*First Defense*

4. Plaintiff's claims are subject to all terms, conditions, limitations, and exclusions contained in the Policy, with effective dates of coverage from December 8, 2024 to December 8, 2025. The Policy is subject to its proportionate share of the limit of liability and any sub-limits of liability. The Policy is a written document, the contents of which are the best evidence of its terms.

*Second Defense*

5. Plaintiff's claims are barred, in whole or in part, to the extent the damages sought did not result from a Covered Cause of Loss to Covered Property within the effective Policy period of December 8, 2024 to December 8, 2025, as expressly defined by the Policy.

### *Third Defense*

6. Plaintiff's claims are barred, in whole or in part, to the extent the damages sought were directly of indirectly caused by, resulted from, or contributed to by pre-existing damage at the time of loss.

### *Fourth Defense*

7. Plaintiff's claims are barred, in whole or in part, to the extent the damages sought were caused by or resulted from wear and tear.

### *Fifth Defense*

8. Plaintiff's claims are barred, in whole or in part, to the extent that the alleged damages sought were caused by "continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more."

### *Sixth Defense*

9. Plaintiff's claims are barred, in whole or in part, by the Policy's Roof Damage and Valuation Endorsement, which provides in relevant part:

> A. The following exclusion is added to Section **B. Exclusions** of the **Causes of Loss** form:
>
> **ROOF DAMAGE**
>
> The following applies with respect to loss or damage by windstorm and/or hail to building(s) or structure(s) described in the Declarations:
>
> We will not pay for cosmetic loss or damage to roof(s), roof coatings, roof canopies, or any materials or components used in conjunction with a roof's construction or re-covering.
>
> "Cosmetic loss or damage" means damage that only alters the physical appearance, but does not allow the immediate penetration of water or moisture through the roof, roof coatings, or roof canopies and/or does not result in the failure of the roof, roof coatings or roof canopies to perform

their intended function to keep out water and moisture for the remainder of their anticipated useful service life.

We do cover hail and windstorm damage to roof, roof coatings, or roof canopies that allows the immediate penetration of water or moisture through the roof, roof coatings, or roof canopies or that results in the failure of the roof, roof coatings, or roof canopies to perform their intended function to keep out water and moisture for the remainder of their anticipated useful service life.

This exclusion does not apply to any roof, roof coatings, or roof canopies that are intended to be primarily decorative or prominent, and the cosmetic loss or damage is visible from the ground.

B.  The following is added to **Paragraph 3. Replacement Cost of Section G. Optional Coverages** of the Coverage Form.

The following applies with respect to loss or damage by a Covered Cause of Loss (including windstorm and hail if covered) to a building(s) or structure(s) described in the Declarations:

Replacement Cost coverage (if otherwise applicable to such property) does not apply to roof(s), roof coatings, roof canopies, or any materials or components used in conjunction with a roof's construction or re-covering if, at the time of the loss, the roof, roof coatings, or roof canopies are over 10 years old.

If there is a question as to the age of the roof, roof coatings, roof canopies, or any materials or components used in conjunction with a roof's construction or re-covering, the insured must provide documentation establishing that that the roof is not more than 10 years old, or recovery is limited to the actual cash value as of the time of the loss or damage.

### *Seventh Defense*

10.  Plaintiff's claims are barred, in whole or in part, to the extent to the extent Plaintiff's alleged damages to the Property were caused by or resulted from rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself.

### Eighth Defense

11.     Plaintiff's claims are subject to the applicable deductibles in the Policy. Specifically, Plaintiff's claims are subject to the Policy's Application of the Deductible Endorsement, which provides that a 2% Windstorm or Hail per building deductible applies to physical loss or damage to Covered Property.

### Ninth Defense

12.     Plaintiff's claims are barred and/or limited, in whole or in part, to the extent that the alleged loss or damage was caused by or resulted from "Faulty, inadequate, or defective: (1) Planning, zoning, development, surveying, siting; (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) Materials used in repair, construction, renovation, or remodeling; or (4) Maintenance; of part or all of any property on or off the described premises.

### Tenth Defense

13.     Plaintiff's claims are barred, in whole or in party, by the Policy's Hail and/or Windstorm 180-Day Reporting Endorsement, which provides as follows:

> c.  In addition to the insured's duties as stated in paragraphs **a.** and **b.** above, notice must be provided within one hundred eighty (180) days of the date of windstorm and/or hail event for all claims for loss or damage caused in whole or in part by windstorm and/or hail. Failure to provide notice of such a loss within one hundred eighty (180) days of the date of the windstorm and/or hail event will preclude coverage. This requirement applies regardless of whether the Insured has actual or constructive knowledge of the loss, damage, windstorm, or hail event and regardless of the Insured's actual or constructive knowledge of the severity of the loss or damage.

### Eleventh Defense

14.     Plaintiff's claims for damage to the interior of any building or structure, if any, are barred and/or limited, in whole or in part, to the extent that the alleged loss or damage was caused by or resulted from "rain, snow, sleet, ice, sand or dust whether driven by wind or not unless:

(1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or (2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure."

### *Twelfth Defense*

15. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to take all reasonable steps to save and/or to preserve the property from further damage at and after the time of loss.

### *Thirteenth Defense*

16. A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Defendant and its employees, agents, representatives, and adjusters are entitled to value claims differently from the policyholder without facing bad faith or extra-contractual liability. Defendant would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence or occurrences.

17. Defendant further reserves the right to assert additional affirmative defenses as this litigation proceeds.

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant General Star Indemnity Company prays that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; and (c) for such other and further relief to which Defendant may be justly entitled, whether at law or in equity, both general and special.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Shannon M. O'Malley*
Shannon M. O'Malley
Texas Bar No. 24037200
somalley@zellelaw.com
Isabella R. Arciba
State Bar No. 24137538
barciba@zellelaw.com

901 Main Street, Suite 4000
Dallas, TX 75202
Telephone: 214-742-3000
Facsimile: 214-760-8994

**ATTORNEYS FOR DEFENDANT GENERAL STAR INDEMNITY COMPANY**

## CERTIFICATE OF SERVICE

    This is to certify that on January 23, 2026, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the Texas Rules of Civil Procedure as follows:

| | |
|---|---|
| Joe Gibson<br>SBN: 24007236<br>joe@jgibson-law.com<br>Jeff L. Larson<br>SBN: 24007533<br>jeff.larson@jgibson-law.com<br>**GIBSON LEGAL GROUP, PLLC**<br>803 Sienna Palm Ln<br>Houston, Texas 77008<br>Phone: (832) 878-3140<br>E-Serve Only: e-serve@jgibson-law.com<br><br>**ATTORNEYS FOR PLAINTIFF MAGNOLIA BELLE, LLC** | Valerie Henderson<br>Texas Bar No. 24078655<br>vhenderson@bakernelson.com<br>Judson K. Mahan<br>Texas Bar No. 24109100<br>jmahan@bakerdonelson.com<br>**BAKER DONELSON**<br>1301 Mckinney Street Suite 3700<br>Houston, Texas 77010<br>Telephone:   713-650-9700<br>Facsimile:   713-650-9701<br><br>**ATTORNEYS FOR DEFENDANT AMWINS ACCESS INS SERVICES, LLC** |

        */s/ Shannon M. O'Malley*
        Shannon M. O'Malley

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Isabella Arciba on behalf of Isabella Arciba
Bar No. 24137538
barciba@zellelaw.com
Envelope ID: 110403010
Filing Code Description: Answer
Filing Description: Defendant General Star Indemnity Company's Original Answer and Defenses to Plaintiff's Original Petition
Status as of 1/23/2026 11:17 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Valerie Henderson | | vhenderson@bakerdonelson.com | 1/23/2026 11:13:26 AM | SENT |
| Judson Mahan | | jmahan@bakerdonelson.com | 1/23/2026 11:13:26 AM | SENT |
| Joe Gibson | | joe@jgibson-law.com | 1/23/2026 11:13:26 AM | SENT |
| Imelda Martinez | | e-serve@jgibson-law.com | 1/23/2026 11:13:26 AM | SENT |
| Joe Gibson | | e-serve@jgibson-law.com | 1/23/2026 11:13:26 AM | SENT |
| Mary Cornell | | mcornell@zellelaw.com | 1/23/2026 11:13:26 AM | SENT |
| Glenda Smith | | gsmith@zellelaw.com | 1/23/2026 11:13:26 AM | SENT |
| Shannon M.O'Malley | | somalley@zellelaw.com | 1/23/2026 11:13:26 AM | SENT |
| Isabella R.Arciba | | barciba@zellelaw.com | 1/23/2026 11:13:26 AM | SENT |